UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

JESUS CAVAZOS RAMIREZ, *et al.*,           §
                                            §
      Plaintiffs,                         §
VS.                                         §          CIVIL ACTION NO. 7:10-CV-9
                                            §
THE LAREDO NATIONAL BANK; aka              §
COMPASS BANK, *et al.*,                      §
                                            §
      Defendants.                         §

## <u>ORDER</u>

     Pending is "Plaintiffs' Notice of Objection to Magistrate Judge for Rulings on Further Proceedings." (Docket No. 58.) In their notice, Plaintiffs "object to further proceedings before Magistrate Ormsby" and "request the Magistrate Court to enter an order transferring this case back to Judge Hinojosa." (*Id.*) Plaintiffs assert that they "will be filing a Motion for a New Trial pursuant to Rule 59 and Relief from a Judgment pursuant to Rule 60(b)(1) & (6), and ask that such motions be heard and decided by Judge Hinojosa." (*Id.*) As discussed below, Plaintiffs are mistaken in their assumption that they have a right to withdraw their consent to proceed before a magistrate judge. Because Plaintiffs have shown neither exceptional circumstances nor good cause, their post-trial request to switch judges lacks merit and will be denied.[1]

## <u>BACKGROUND</u>

     On January 19, 2010, Defendants removed this case from the 370th District Court in Hidalgo County, Texas, to the McAllen Division of the Southern District of Texas based on

---

[1] It is unclear whether Defendant Compass Bank intended to file a response to Plaintiffs' request since the deadline to do so has not yet passed. The undersigned is nevertheless entering this expedited ruling so that uncertainty over the presiding judge will not affect any post-judgment proceedings.

diversity jurisdiction.  (Docket No. 1, at 1.)  Upon removal to federal court, the case was randomly assigned to Chief Judge Hinojosa.  On March 1, 2012, the parties "waive[d] their right to proceed before a District Judge and consent[ed] to have a United States Magistrate Judge conduct all further proceedings, including the trial and judgment," pursuant to 28 U.S.C. § 636(c).  (Docket No. 34.)  The District Court then transferred the case to the undersigned "to conduct all further proceedings, including final judgment."  (*See* Docket No. 35.)  Consistent with this plenary referral, the undersigned conducted a bench trial, made findings of fact and conclusions of law, and entered final judgment in favor of the Defendant.  (*See* Docket Nos. 55, 56.)  Plaintiffs' "Notice of Objection to Magistrate Judge for Rulings on Further Proceedings" followed.  (Docket No. 58.)

## DISCUSSION

The authority of a magistrate judge to preside over a civil case by consent is governed by statute:

> Upon the consent of the parties, a full-time United States magistrate ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1).  Here, Plaintiffs' objection to further rulings by the magistrate judge suggests that they have the right to withdraw their consent.

The Fifth Circuit has addressed this issue as follows:

> We find nothing in the statute or the legislative history that requires continuing expressions of consent before a magistrate can exercise authority under a valid reference. Nor will we accept the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome. Any such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking. We will not countenance such fast and loose toying with the judicial system.

*Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1020-21 (5th Cir. 1987).  As the Fifth Circuit made clear, a party has no right to withdraw consent simply because a magistrate judge has rendered an adverse ruling.  Otherwise, one party or the other would always have an incentive to withdraw their consent in hopes of obtaining a different result.

While a party has no right to withdraw their consent to proceed before a magistrate judge, a "court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."  28 U.S.C. § 636(c)(4).  In accordance with the statute, where (as here) a party seeks to rescind its consent, "[a] referral may only be vacated upon a showing of 'extraordinary circumstances.'"  *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 292 (5th Cir. 2002) (citing § 636(c)(4)); *see also United States v. Klat*, No. 97-11282, 1999 WL 301320, at *3 n.4 (5th Cir. 1999) ("Once a valid consent and reference to the magistrate had been given, Klat was not entitled to subsequently withdraw that consent and have the reference to the magistrate vacated absent extraordinary circumstances.").  In some cases, the Fifth Circuit has applied the "good cause" standard in determining a party's motion to withdraw consent.  *See Carter*, 816 F.2d at 1021 ("motions to withdraw consent . . . before a magistrate may be granted only for good cause"); *see also Foreman v. Tomblin*, 75 F. App'x 227, 228-29 (5th Cir. 2003) ("Valid consent to trial before a magistrate judge waives the right to trial before an Article III judge, and such consent will be withdrawn only for good cause.").  Whichever standard is applied, the decision "is committed to the court's sound discretion."  *Carter*, 816 F.2d at 1021.

"In exercising its discretion a court should consider a variety of factors," including the following: 1) undue delay; 2) inconvenience to the court and witnesses; 3) prejudice to the parties; 4) whether the movant is acting pro se; 5) whether consent was voluntary and uncoerced;

6) whether the motion is made in good faith; 7) the possibility of bias or prejudice on the part of the magistrate judge; and 8) whether the interests of justice would best be served by holding a party to his consent." *Id.*

Applying those factors here, Plaintiffs have failed to show "good cause"—let alone "extraordinary circumstances"—in support of their desire to withdraw their consent.  Plaintiffs suggest no legitimate reason to permit withdrawal of their consent.  Instead, Plaintiffs contend that they consented to proceed before a magistrate judge only "to conduct a bench trial and issue judgment"; they reason that, since judgment has been entered, they may now "object to further proceedings before" the undersigned.  (Docket No. 58, at 1.)  This contention is refuted by the written consent signed by Plaintiffs, in which they waived their right to proceed before a District Judge and "consent[ed] to have a United States Magistrate Judge conduct ***all further proceedings***, including the trial and judgment."  (Docket No. 34 (emphasis added).)  Indeed, it would have been improper for the Court to have allowed Plaintiffs (or any party) to enter a limited consent to proceed before a magistrate judge for something less than "all further proceedings."  The Fifth Circuit has "warned that it will not countenance any rule allowing a party to 'express conditional consent' to trial before a magistrate."  *Lyn-Lea Travel Corp.*, 283 F.3d at 292 (citing *Carter,* 816 F.2d at 1020).

None of the factors identified by the Fifth Circuit support Plaintiffs request.  To the contrary, they all weigh in favor of the conclusion that the request should be denied.  For example, Plaintiffs are not proceeding pro se, and they have not alleged (nor could they) that their consent was involuntary or coerced.  Considerations of judicial economy also strongly suggest that Plaintiffs' request to switch judges is improper.  Plaintiffs have filed a motion for new trial in which they challenge the undersigned's detailed findings and conclusions based on

the bench trial.  To transfer this case to Chief Judge Hinojosa at this late stage would waste judicial resources and inconvenience the District Court since an intensive review of the evidence admitted at trial would be necessary to rule on Plaintiffs' motion (not to mention legal analysis on a number of issues).  Perhaps most importantly, it is contrary to the interests of justice to permit a party to seek a new judge based on an adverse ruling.  As the Fifth Circuit put it, this amounts to "toying with the judicial system."  *Carter*, 816 F.2d at 1021.

Of course, all this is not to say that Plaintiffs are without recourse in challenging the undersigned's ruling.  Plaintiffs' consent to proceed before a magistrate judge did not limit their ability to seek review on appeal.  After entry of judgment, "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court."  28 U.S.C. § 636(c)(3).

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that "Plaintiffs' Notice of Objection to Magistrate Judge for Rulings on Further Proceedings" (Docket No. 58) is **DENIED**.

The Clerk shall send a copy of this Order to counsel for the parties.

DONE at McAllen, Texas on October 29, 2013.

_Peter E Ormsby_

Peter E. Ormsby
United States Magistrate Judge